IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF TENNESSEE

DONNA DICKINSON

v.

Civil Action No. 3:22-00553
Richardson/Holmes

WILSON COUNTY SHERIFF'S OFFICE

and JOSEPH PIERCE, in his individual capacity

## PLAINTIFF'S MOTION TO COMPEL WITH SANCTIONS

Now comes Plaintiff Donna Dickinson to request a Motion to Compel and sanctions. Plaintiff has discovered Jeff Thompson has purposely withheld evidence relevant to this Complaint. On July 27, 2023, Plaintiff discovered the evidence was existent and she was being denied the evidence through Joseph Pierce.

Pierce bragged on record that he watches a video of Plaintiff in the back seat of the patrol car inappropriately attired many times. During the end of deposition Jeff Thompson stated he gave Plaintiff video evidence, however he only gave Plaintiff video of the road being traveled not the video of Plaintiff in the back seat of patrol car. This evidence is purposely being deprived by Defendants counsel because it will substantiate the Plaintiff needed medical attention and supports claims outlined in the complaint. Plaintiff cries for help and the jury will likely tear up when they see my conditions and how Pierce treated me.

The video will show that a reasonable person would not agree with Pierce's treatment of Plaintiff and will likely render a $300,000 judgement in Plaintiff's favor. The Court should find it appropriate to issue sanctions against the Defendants and their counsel for the reasons supported in the affidavit, which accompanies this motion to compel with sanctions.

The Defendant's attorney is providing Wilson County with an injustice by withholding evidence from his clients and Plaintiff. In addition, this Court and Plaintiff have no proof that Defendants counsel discussed a settlement and Plaintiff can attest that no effort was made to settle despite the abundance of evidence including the Courts dismissal of the false charge. It is Plaintiff's belief Jeff Thompson is milking Wilson County for attorney fees in this case, which will affect taxpayers.

The Wilson County Sheriff's Office is not operating to protect the community. The Court should therefore intervene to protect taxpayer and citizens from being awakened to a false arrest, malicious prosecution, excessive force, cruel and unusual punishment, slander/defamation, sexual misconduct, and deprivation of due process. In addition, these are all intentional criminal acts and should be prosecuted by the Department of Justice. Plaintiff should not be a victim of sexual misconduct by having a video accessible to deputies any time they feel like it.

Plaintiff did not choose for this to happen to her, and it is lawless to deprive a woman of her body, home, and property because she would not sign off on marital property. Tennessee should not treat women of today like they did when they were not allowed to own property or vote. Wilson County Sheriff's Office employs very few women and treats women with disrespect, which will become apparent when testimony is given by the male deputies at trial.

Plaintiff has provided a notice to Ryan Shannon who was not present at Defendants depositions. I do not know if Mr. Shannon is simply an innocent attorney doing what his boss advises or if he is an active participant. I have communicated with him about what transpired at Defendants depositions. I would not want someone to be innocently caught up in the conduct of others. Plaintiff knows exactly how that impacts one's life. *Please see Exhibit 1.*

Plaintiff seeks an appropriate remedy from the Court in this matter to include production of the video of Plaintiff in the backseat of the patrol car, sanctions, protective order of the evidence/plaintiff and any other remedy ordered. It is even justifiable for a default judgment. Further, if the Court would grant Plaintiff a trial date, so she may give notice to her witnesses and finally have justice served in this matter that is ongoing.

Respectfully submitted this 28th day of July,

*Donna Dickinson*

Donna Dickinson
Donnadickinson20@yahoo.com
144 N. Midway Street
Clayton, AL 36305
334-621-8093

Exhibit 1

From: Donna Dickinson donnadickinson20@yahoo.com
Subject: Video evidence
Date: Jul 28, 2023 at 7:54:58 AM
To: Ryan T. Shannon RShannon@lewisthomason.com

Ryan,

Just to update you since you were not at depositions. It was revealed defendants were not given all the discovery I produced such as the video of my estranged husband attacking me.

Defendants under oath stated that they do not abide by the law of due process of allowing phone calls. I waited six hours for a phone call. My father and step mom will testify to this.

# 2021 Tennessee Code
# Title 40 - Criminal Procedure
# Chapter 7 - Arrest
# Part 1 - General Provisions
# § 40-7-106. Notice of Authority and Grounds for Arrest — Telephone Call

**Universal Citation:** TN Code § 40-7-106 (2021)

a. When arresting a person, the officer shall inform the person of the officer's authority and the cause of the arrest, and exhibit the warrant if the officer has one, except when the person is in the actual commission of the offense or is pursued immediately after an escape.

b. No person under arrest by any officer or private citizen shall be named in any book, ledger or any other record until after the person has successfully completed a telephone call to an attorney, relative, minister or any other person that the person shall choose, without undue delay. One (1) hour shall constitute a reasonable time without undue delay. However, if the arrested person does not choose to make a telephone call, then the person shall be booked or docketed immediately.

I did not receive any video of me naked in my night gown in the back seat. The first thumb drive was stolen from my front porch where your office mailed it without signature. Now it is in my community. The link expired before I could view it entirely. The thumb drive was given to me yesterday after deposition. I will review that once I recover from the emotional trauma of finding out Pierce is violating me "all the time" by watching a video of me under clothed. This is exactly why I need a protective

order.

Further, I believe this evidence was deliberated kept from me. I applied for expungement on 1/25/2022 after the false charge was dismissed. The protocol once the judge signs the order, the court deletes the record from its system and then sends the order to the TBI and the arresting agency, which is responsible for deleting its records. Under Tennessee law this must be completed within 60 days. I filed suit six months from the expungement.

Wilson County Sheriff's Office still has records that were ordered by expungement to be destroyed. Pierce stated in his deposition that "he watches the video of me all the time." You do realize that he should not be in possession of that video? Importantly, I feel violated because I was inappropriately clothed and Pierce indicated under oath he watches it all the time. My female body parts are not available for him and his buddies to watch all the time. This has caused a new actionable offenses.

Further, no Miranda was read. I was never served with a warrant at any time. Your clients are very arrogant and believe they do not have to abide by the law, it just does not apply to them.

For the above mentioned reasons you can expect another action soon. It will only involve Pierce this next lawsuit. I am going to be requesting another protective order as well.

Respectfully,
Donna Dickinson
334-621-8093


Sent from my iPhone

Dickinson
219 Halifax Drive
Dothan, AL 36305



RECEIVED
AUG 07 2023
U.S. District Court
Middle District of TN

Court Clerk (filing)
Middle District of Tennessee
719 Church Street
Nashville, TN 37203