IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DONNA DICKINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 3:22-cv-00553 |
| v. ) | |
| ) | JUDGE RICHARDSON |
| JOSEPH PIERCE and WILSON ) | |
| COUNTY, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court[1] is a report and recommendation of the Magistrate Judge, (Doc. No. 156, "R&R"), wherein the Magistrate Judge recommends that the Court grant the motion for summary judgment (Doc. No. 82, "Motion") filed by Defendants Wilson County and Joseph Pierce (collectively, "Defendants") and dismiss this action in its entirety, with prejudice.

Plaintiff (who filed this action under the last name of "Dickinson" but now uses "Grindstaff") has filed objections to the R&R (Doc. No. 157, "Objections").[2] Defendants responded to the Objections (Doc. No. 159, "Response") and concurrently filed a memorandum of law in support of their Response. (Doc. No. 160, "Memorandum"). Plaintiff also filed a document called, "Appeal of Magistrate Judge Decision" (Doc. No. 158), which purports to take an "appeal" from the R&R. Although the exclusive proper action for a party who disagrees with a report and recommendation is to file *objections*, and not additionally or alternatively file a purported "appeal"

---

[1] Herein, "the Court" refers to the undersigned District Judge, as opposed to the Magistrate Judge who authored the R&R.

[2] Herein, a given use of the term "Objections" may refer to the document (Doc. No. 157) itself, to the purported objections contained therein (i.e., the "objections" to the R&R contained within the "Objections"), or both.

of the report and recommendation, the Court has considered the "Appeal of Magistrate Judge Decision" as if it is part of Plaintiff's Objections.[3]

The Court resolves the objections to the R&R (and thereby also the Motion) based on the parties' submissions without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated herein, the Court overrules the Objections, adopts the recommendations of the Magistrate Judge in the R&R, grants Defendants' Motion, and dismisses the action in its entirety with prejudice.

## BACKGROUND

Plaintiff does not dispute any of the facts (regarding the procedural history and underlying circumstances of this case) set forth by the Magistrate Judge in the R&R. As such, the Court adopts that factual background in its entirety, including original footnotes (which are set forth herein as footnotes 3; 4; and 5), and includes it here for reference:

> Donna Dickinson ("Plaintiff")[4] is a resident of Alabama. On July 22, 2022, she filed this pro se lawsuit against the Wilson County Sheriff's Office ("Sheriff's Office")[5] and Sheriff's Deputy Joseph Pierce ("Pierce"). See Complaint (Docket Entry No. 1). Her lawsuit is based upon events that occurred in July 2021 when she was residing in Wilson County, Tennessee and was arrested for domestic assault, a charge that was later dismissed. Plaintiff brings the following claims under 42 U.S.C. § 1983 for violations of her civil rights: (1) unlawful seizure and excessive force in violation of the Fourth Amendment; (2) malicious prosecution in violation of the Fourth and Fourteenth Amendments; (3) cruel and unusual punishment in violation of the Eighth Amendment; (4) false imprisonment in violation of the Fourth Amendment; and, (5) defamation of character, slander, and libel in violation of the First Amendment. Id. at 6. Demanding a jury trial, Plaintiff seeks $300,000 in damages. Id. at 7.

---

[3] The Court does so even though it was improper to file this so-called "appeal" in addition to filing the Objections. The Court notes that this "appeal" does not advance Plaintiff's position any more than do her (ultimately ineffective) Objections.

[4] As noted above, the docket reflects that Plaintiff presently goes by the name "Donna Grindstaff."

[5] By Order entered December 15, 2022 (Docket Entry No. 19), Wilson County, Tennessee ("Wilson County") was substituted for the Sheriff's Office as the proper municipal defendant in the case.

Plaintiff alleges that on July 24, 2021, she was being harassed by her husband, Todd Dickinson ("T.D."), in their home in Mount Juliet, Tennessee, because she would not "sign off on their marital property." Id. at 2. Plaintiff asserts that she was seeking a divorce from T.D. because she believed that he was committing fraud regarding the refinancing and the anticipated sale of their residence and that T.D. was threatening and intimidating her by throwing a paper in her face, withholding the family automobile, destroying property, entering her personal space, and repeatedly disrupting a telephone call she was having with her parents. Id. At some point, T.D. contacted the Sheriff's Department and Deputy Pierce was dispatched to the residence. Id.

Plaintiff asserts that she was asleep in an upstairs bedroom when she was awakened by Pierce and, without any explanation or questioning, she was told that she was under arrest. Id. She asserts that there was not a warrant for her arrest and that Pierce did not "inquire about any relevant facts" and did not "investigate or seek justice on behalf of the Plaintiff who is the victim of domestic violence both physical and financial." Id. at 2-3. She asserts that she was placed under arrest while wearing "a skimpy nightgown," and that Pierce ignored her request that a female officer be present. Id. at 3. She alleges that she was handcuffed behind her back in a very tight manner and that Pierce refused to loosen the handcuffs despite her repeated complaints about the handcuffs being too tight, resulting in "swelling and bruising to her wrists and other parts of her body." Id. She also alleges that she requested her purse after being placed in the back of the patrol car and that Pierce went to retrieve the purse but did not bring it back with him. Id. Plaintiff alleges that Pierce drove "fast around corners" and took his hands off the steering wheel to put chewing tobacco in his mouth. Id. She asserts that Pierce's conduct caused her "to fall and bruise her shoulder and other extremities," caused her to suffer emotional stress, and caused her to become so scared that she hyperventilated, but that Pierce did not offer her any assistance, aid, or medical care. Id. Plaintiff was transported to the county jail by Pierce, where she was held for twelve hours before being released. Id. She does not allege that she had any further interactions with Pierce once she was detained at the jail.

Plaintiff alleges that she was told after booking that she "was suicidal," that she could not make an immediate telephone call, and that she would be "bound" if she asked again for a telephone call. Id. at 4. She asserts that she had to wait six hours to be examined by a nurse before she was permitted to make a telephone call to her parents. Id. She asserts that she was denied a blanket or a shirt despite being clothed in only a nightgown, that the cell in which she was detained was dirty and cold, and that she was confined with five other women without any face masks to protect her from COVID. Id. at 4-5. Plaintiff alleges that she was eventually released from the jail onto the street, still in her nightgown, where she was pursued by a man who tried to coax her into his residence. Id. at 4.

Plaintiff alleges that she contracted "COVID pneumonia and a pulmonary embolism" two weeks after her detention, which she attributes to the conditions in

her jail cell. Id. at 4-5. She also alleges that T.D. continued to harass and threaten her after her release and "conveyed through third parties" that he would drop the charge if she "signed off on marital property." Id. at 4. Plaintiff further alleges that she attempted to report T.D.'s criminal activities to the "Wilson County authorities" but they were not interested in investigating or prosecuting Dickinson. Id. She also asserts that, despite providing evidence to the district attorney that the accusation against her was false, she was required to travel from Alabama to Lebanon, Tennessee for a hearing before the General Sessions Court where the charge was dismissed and expunged. Id.

Plaintiff alleges that, because of these events, she suffered financial harm in the costs of a criminal defense attorney, the loss of a $1,400 check that was in her purse, and the loss of $4,000 in cash and personal belongings that were in her marital residence and that she could not retrieve after her arrest. Id. at 5-6. She further contends that she suffered pain and humiliation and damage to her good name and reputation. Id.

After Defendants filed their answer to the complaint, a scheduling order (Docket Entry No. 20) and amended scheduling order (Docket Entry No. 44) were entered, setting out deadlines for pretrial activity. As reflected by the docket in the case, numerous pretrial motions regarding discovery and other matters were filed by the parties. With some exceptions, the parties' motions, which included opposing motions for sanctions, Plaintiff's motions to be appointed counsel and to amend her complaint, and Plaintiff's several motions to compel or for other relief related to discovery, were denied. See Orders entered November 21, 2023 (Docket Entry No. 99); November 8, 2023 (Docket Entry No. 97-98); July 14, 2023 (Docket Entry No. 56); May 2, 2023 (Docket Entry No. 48); March 24, 2023 (Docket Entry No. 38); February 16, 2023 (Docket Entry No. 30); and September 19, 2022 (Docket Entry No. 14). Plaintiff's request for the recusal of the undesigned was likewise denied. See Order entered November 28, 2023 (Docket Entry No. 101).

Plaintiff's motions for reconsideration and/or for review of some of these orders were denied. See Orders entered April 11, 2024 (Docket Entry No. 144); February 5, 2024 (Docket Entry No. 129); January 3, 2024 (Docket Entry No. 120); December 20, 2023 (Docket Entry No. 108); and March 24, 2023 (Docket Entry No. 38). Plaintiff's request for an interlocutory appeal from the Order entered December 20, 2023 (Docket Entry No. 108), was denied by the Sixth Circuit Court of Appeals for lack of jurisdiction. See Appellate Order filed February 15, 2024 (Docket Entry No. 137).

By a contemporaneously entered order, the Court has addressed three non-dispositive motions filed by Plaintiff that were pending at the time this Report and Recommendation was issued.[6] A trial date is not currently set in the case.

---

[6] The Magistrate Judge was referring here to Plaintiff's motion for service (Docket Entry No. 151), second motion to seal (Docket Entry No. 118), and second motion to compel (Docket Entry No. 109).

(R&R at 1-5). The Magistrate Judge evaluated Plaintiff's procedural arguments, First Amendment clams, Eighth Amendment claims, claims based upon conditions in Plaintiff's jail cell, and Fourth Amendment claims. The Magistrate Judge also evaluated defenses raised by Defendants in their Motion. In her analysis, the Magistrate Judge concluded that the Motion should be granted and Plaintiff's claims should be dismissed. Specifically, the Magistrate Judge concluded that the Motion should be granted, and this action be dismissed in its entirety (which is to say, that summary judgment be granted to both Defendants as to all of Plaintiff's claims). (R&R at 39).

## LEGAL STANDARD

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id.* Fed. R. Civ. P. 72(b)(2) provides that a party may file "specific written objections" to a report and recommendation, and Local Rule 72.02(a) provides that such objections must be written and must state with particularity the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which an objection is made. "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object. Moreover, an objection that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context*." Frias v. Frias*, No. 2:18-cv-00076, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019) (internal citations and quotation marks omitted).

The failure to object to a report and recommendation releases the Court from its duty to independently review the matter. *Frias*; *Hart v. Bee Property Mgmt.*, No. 18-cv-11851, 2019 WL 1242372, at * 1 (E.D. Mich. March 18, 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). This Court is not required to review, under a *de novo* or any other standard, those aspects of the report and recommendation to Plaintiff does not make an objection. *Ashraf v. Adventist Health System/Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Security*, No. 3:18-cv-0010, 2018.

ANALYSIS

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(3), the Court has reviewed the R&R, the Objections, and the Response. Below, the Court conducts a *de novo* analysis of the portion of the R&R challenged by the Objections. The R&R recommends that the Court grant Defendants' Motion for Summary Judgment and dismiss this action in its entirety. The Court has reviewed the Magistrate Judge's analysis and conclusions, as well as other relevant parts of the record, to assess *de novo* the Magistrate Judge's recommendations in the parts of the R&R implicated by Plaintiff's objections.

Plaintiff's Objections primarily involve arguments in which Plaintiff takes issue with procedural aspects of this matter. Plaintiff argues that Defendants have withheld evidence in discovery. (Objections at 1). Further, Plaintiff argues, (Objections at 2), that the Magistrate Judge has shown favoritism towards the Defendants, which according to her was manifested in part by the Magistrate Judge's denial (Doc. No. 155) of her request for a copy of "Magistrate Holmes['s] Report and Recommendation per Federal Rules of Civil Procedure Rule 72" (Doc. No. 151) —a request denied as unnecessary by the Magistrate Judge on the grounds that the requested report

and recommendation had not yet been issued.[7] (Doc. No. 155 at 1). As for those brief segments of the Objections that do not recite procedural complaints, they primarily collectively make the argument that there is a disputed fact as to whether Todd Dickinson ("T.D.") was the aggressor in the altercation that led to the events giving rise to Plaintiff's claims. Plaintiff argues that the video evidence that (according to her) was withheld would prove as much. (Objections at 1).

Under a generous construction of this argument, Plaintiff's Objections relate to Plaintiff's Fourth Amendment claims. However, Plaintiff's Objections purport to dispute facts that Plaintiff is no longer entitled to dispute, because she failed to respond to Defendants' "Statement of Undisputed Material Facts in Support of Defendants' Motion for Summary Judgment" (Doc. No. 84, "Statement of Undisputed Facts"). Because of that failure, the facts contained in the Statement of Undisputed Facts are treated as undisputed for the purposes of summary judgment, as the Magistrate Judge noted.[8] (R&R at 15).

Defendants argue, via their Memorandum, that Defendant Pierce had probable cause to arrest Plaintiff for domestic assault. (Memorandum at 4). Plaintiff's concerns relating to discovery pertain to her assertion that more, or different, video evidence would have led to different findings in the R&R. However, as Defendants point out, Plaintiff mischaracterizes what the relevant inquiry is. Contrary to Plaintiff's assertion, the issue is not whether the Magistrate Judge failed to view the video evidence in the light most favorable to Plaintiff, the non-movant, for purposes of summary

---

[7] Judge Holmes was the presiding magistrate judge at that time and was the magistrate judge who issued the R&R. She has since recused herself. (Doc. No. 162).

[8] When a party has not timely responded to a moving party's statement of undisputed material facts, "the asserted facts shall be deemed undisputed for purposes of summary judgment." Local Rule 56.01(f). See also Federal Rule of Civil Procedure 56(e)(2) ("If a party fails to …properly address another party's assertion of fact as required by Rule 56(c), the court may: . . . (2) consider the fact undisputed for purposes of the motion;. . ."). Therefore, the Magistrate Judge correctly concluded that the facts in Defendant's Statement of Undisputed Facts should be treated as undisputed for purposes of the Motion.

judgment. This is because, on the claim relevant to what happened between Plaintiff and T.D. at the house (Plaintiff's Fourth Amendment claims) the issue is whether Deputy Pierce had probable cause "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Kostrzewa v. City of Troy*, 247 F.3d 633, 639 (6th Cir. 2001) (quoting *Graham v. Connor*, 490 U.S. 386, 394 (1989)). What the video evidence (as properly viewed) shows may be helpful to determining in hindsight what happened at the house, but (given that it is undisputed that Deputy Pierce did not view, and as far as the record or Objections show was not somehow *required* to seek out and view, the video the evidence prior to Plaintiff's arrest), it is not probative of what matters here: the perspective of a reasonable officer *on the scene* that Deputy Pierce was on—a scene that did not include access to whatever information might ultimately be derived from the video evidence. Several (now undisputed) facts in Defendants' Statement of Undisputed Facts reveal as much: i) T.D. had visible signs of injury; ii) T.D. told Deputy Pierce that Plaintiff had struck him in the face; and iii) Deputy Pierce noticed signs of intoxication in Plaintiff. (Doc. No. 28 ¶¶ 3; 6; and 10).

The (now undisputed) facts show that her when Deputy Pierce initially arrived at Plaintiff's residence, Plaintiff did not assert that Todd Dickinson had struck or otherwise assaulted her. (Statement of Undisputed Material Facts at ¶¶ 1-18).

In Plaintiff's Objections, Plaintiff fails to provide any case law supporting the notion that the R&R should not be adopted.

Plaintiff's concerns about procedure and alleged withheld discovery are non-responsive to the R&R. And although the Court acknowledges that Plaintiff is proceeding *pro se*, that does not obligate the Court to consider non-specific objections (to the extent anything in the response could even be considered an objection) within Plaintiff's filings. The Court gathers that Plaintiff contends

that she has been wronged. The Court does not begrudge her this contention (such as it is) but her Objections are simply not responsive to the rationale set forth in the R&R for granting summary judgment against Plaintiff.

In summary, on *de novo* review of the aspects of the R&R to which Plaintiff has objected, Plaintiff's Objections are overruled.

## CONCLUSION

For the reasons discussed herein, Plaintiff's Objections (Doc. No. 157) are overruled, and the Court adopts the Magistrate Judge's R&R (Doc. No. 156). Accordingly, Defendants' Motion for Summary Judgment (Doc. No. 82) is GRANTED, and this action is DISMISSED WITH PREJUDICE in its entirety.

The Clerk is DIRECTED to enter judgment pursuant to Fed. R. Civ. P. 58 and close the file, and also to consider the footnote below.[9]

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[9] The Clerk's Office may wish also to correct the reference in Docket Entry No. 156 from "Docket Entry No. 18" to "Docket Entry No. 82."